UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY PRESTON,

        Plaintiff,

Case No. 2:20-cv-11671

HONORABLE STEPHEN J. MURPHY, III

v.

LES PARISH, et al.,

        Defendants.
_____/

**OPINION AND ORDER DENYING
APPLICATION TO PROCEED IN FORMA PAUPERIS [2] AND
SUMMARILY DISMISSING THE COMPLAINT WITHOUT PREJUDICE [1]**

Plaintiff Harvey Preston, a state prisoner in custody of the Michigan Department of Corrections, recently filed a pro se civil rights complaint under 42 U.S.C. § 1983, ECF 1, and an application to proceed without prepaying the fees and costs for the action ("IFP"), ECF 2. For the reasons stated below, the Court will deny the IFP application and dismiss the complaint.

**BACKGROUND**

Two months ago, Preston, an inmate at the Oaks Correctional Facility in Manistee, Michigan, sued employees of the correctional facility. ECF 1. Preston alleged that several Defendants placed him in segregation even though he had committed no major misconduct and was considered a general population prisoner. ECF 1, PgID 3–4. He further alleged that he needed medical care for his right thumb and arm, and that he has not worked in a year. *Id*. at 3. Additionally, Preston asserted that the food service at the correctional facility has caused many of his medical

1

problems. And he claimed that he has faced racial discrimination, inadequate food and medical care, and unsafe conditions. *Id.* at 3–4.

## DISCUSSION

A preliminary question is whether Preston may proceed without prepaying the filing fee for the complaint. Ordinarily, a federal litigant who is too poor to pay court fees "may commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, 575 U.S. 532, __, 135 S. Ct. 1759, 1761 (2015) (citing 28 U.S.C. § 1915). But, as the Supreme Court explained in *Coleman*,

> a special "three strikes" provision prevents a court from affording *in forma pauperis* status where the litigant is a prisoner and he or she "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

*Id.* (quoting 28 U.S.C. § 1915(g) (alterations and emphasis in original)). An exception to the three strikes rule applies when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"[T]he three strikes rule is not an affirmative defense that must be raised in the pleadings." *Harris v. New York*, 607 F.3d 18, 23 (2d Cir. 2010). As a result, "a district court can invoke § 1915(g) to dismiss a prisoner lawsuit even if the three strikes rule has not been raised by the defendant in the pleadings." *Id.*; *see also Witzke v. Hiller*, 966 F. Supp. 538, 539 (E.D. Mich. 1997) (dismissing a prisoner's complaint sua sponte under 28 U.S.C. § 1915(g) because the plaintiff had three strikes).

A review of Preston's litigation history in federal court reveals that more than three of his complaints were summarily dismissed for failure to state a claim. *See*

*Preston v. MDOC, et al.,* No. 1:03-cv-00812 (W.D. Mich. Dec. 2, 2003); *Preston v. Burch*, No. 1:03-cv-00581 (W.D. Mich. Dec. 5, 2003); *Preston v. Duney*, No. 2:03-cv-00253 (W.D. Mich. Jan. 6, 2004); *Preston v. White*, No. 2:03-cv-00249 (W.D. Mich. Jan. 7, 2004). And three other cases were dismissed because Preston had three strikes under § 1915(g) and did not prepay the filing fee. *See Preston v. Davids, et al.*, No. 1:18-cv-00803 (W.D. Mich. Sept. 19, 2018, and Aug. 8, 2018); *Preston v. Smith, et al.*, No. 1:18-cv-00084 (W.D. Mich. Apr. 19, 2018, and Feb. 2, 2018); *Preston v. U.P. Health Sys., et al.,* No. 2:16-cv-00201 (Dec. 1, 2016, and Sept. 30, 2016).

Furthermore, Preston has not demonstrated that he is in imminent danger of serious physical injury. He did allege that he has trouble bending his right finger and arm, that he has experienced tightness in his chest, and that someone burned his face by throwing hot coffee on him about a month before he sued. ECF 1, PgID 3. But "[a] physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm." *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019). Because Preston's allegations do not rise to that level, the Court will deny the motion to proceed IFP and will also summarily dismiss the complaint without prejudice. Preston may refile the complaint with the appropriate filing fee if he so chooses.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's application to proceed without prepaying the fees or costs for this action [2] is **DENIED**, and the complaint [1] is summarily **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that because Plaintiff has three strikes he may not **PROCEED** in forma pauperis on appeal if he appeals this decision. 28 U.S.C. § 1915(g).

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: August 31, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 31, 2020, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager